UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

SARAH ALDRICH,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD.
d/b/a NORWEGIAN CRUISE LINE,
a Bermuda Company; NORWEGIAN
CRUISE LINE HOLDINGS LTD., a
Bermuda Company; and NCL CORP. LTD.,
a Bermuda Company,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Sarah Aldrich, sues the Defendants NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, Norwegian Cruise Line Holdings Ltd., and NCL Corp. Ltd. and states as follows:

## THE PARTIES

1. At all times material, Plaintiff, Sarah Aldrich, is and was a resident of California.

2. At all times material, Defendant NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line ("NCL Bahamas") is and was a Bermuda company authorized to do and doing business in the State of Florida. NCL Bahamas's headquarters and principal place of business are in Miami-Dade County, and NCL Bahamas has by contract made itself subject to the jurisdiction of this Court.

3. At all times material, Daniel Farkas, located at 7665 Corporate Center Drive, Miami, Florida, 33126, was and is the Registered Agent for NCL Bahamas and is authorized to accept service of process pursuant to § 48.091 of the Florida Statutes.

4. At all times material, Defendant Norwegian Cruise Line Holdings Ltd. ("NCL Holdings") is and was a Bermuda company authorized to do and doing business in the State of Florida. NCL Holdings's headquarters and principal place of business are in Miami-Dade County, and NCL Holdings has by contract made itself subject to the jurisdiction of this Court.

5. At all times material, NCL Holdings's headquarters was and is located at 7665 Corporate Center Drive, Miami, Florida, 33126.

6. At all times material, Defendant NCL Corp. Ltd. ("NCL Corp.") is and was a Bermuda company authorized to do and doing business in the State of Florida. NCL Corp.'s headquarters and principal place of business are in Miami-Dade County, and NCL Corp. has by contract made itself subject to the jurisdiction of this Court.

7. At all times material, Daniel Farkas, located at 7665 Corporate Center Drive, Miami, Florida, 33126, was and is the Registered Agent for NCL Corp. and is authorized to accept service of process pursuant to § 48.091 of the Florida Statutes.

## JURISDICTION AND VENUE

8. The Parties are diverse and more than $75,000, exclusive of costs, fees, and interest, is in controversy. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

9. Venue is proper in the Southern District of Florida pursuant to the forum-selection clause in the contract of passage provided by Defendant to Plaintiff. Venue also lies in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Defendants engage in substantial and not isolated business in this district and maintain their principal places of business in this District.

10. Plaintiff has satisfied all conditions precedent for filing this action, including the notice-of-claim requirement contained in her contract of passage for the subject cruise.

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

11. At all times material, Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp. were and are common carriers engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States and the world.

12. At all times material, Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp. owned, operated, and managed the cruise ship Norwegian Bliss, which set sail on May 25, 2018, from Los Angeles, California.

13. At all times material, Plaintiff was a passenger aboard the Norwegian Bliss for a voyage that departed from Los Angeles, California, on May 25, 2018, and was a business invitee of Defendants NCL Bahamas, NCL Holdings, and NCL Corp. pursuant to the contractual common carrier relationship.

14. On May 25, 2018, Plaintiff was riding go-carts along with other passengers at a go-cart track located on the Norwegian Bliss.

15. The other go-cart riders were operating their go-carts recklessly with the knowledge of Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp.'s employees and/or agents who took no action to stop and/or prevent the reckless behavior.

16. Specifically, the driver of the go-cart in front of Plaintiff was inebriated and operating his go-cart in a reckless manner.

17. Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp.'s employees and/or agents saw the reckless driving and gave the driver multiple verbal warnings, but never stopped him or curtailed his dangerous and reckless behavior.

18. The reckless driver crashed into a wall in front of Plaintiff, causing Plaintiff to lose control and crash behind him.

19. Prior to Plaintiff's incident, Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp. were aware or should have been aware of the frequent and persistent hazards created by reckless drivers on the go-cart track. These hazards were created and/or amplified by Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp.'s employees and/or agent's failure to remedy them through proper operation and/or management.

20. The Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp.'s go-cart track was negligently and improperly designed such that it did not provide enough space for Plaintiff to avoid the crash in front of her.

21. At all times material, Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp. designed, constructed, and/or approved the final design or construction of the go-cart track.

22. As a direct and proximate result of Defendants NCL Bahamas, NCL Holdings, and/or NCL Corp.'s negligence, Plaintiff sustained serious and permanent injuries to her neck, back, arm, and wrist which will require ongoing treatment and surgery in the future.

## COUNT I
## NEGLIGENCE AGAINST NCL BAHAMAS

23. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein, and further alleges as follows:

24. At all times material, Defendant NCL Bahamas owed Plaintiff a duty to exercise reasonable care with respect to the operation, maintenance, management, design, construction, and control of the Norwegian Bliss, including but not limited to the go-carts and go-cart track aboard the ship; a duty to exercise reasonable care to prevent injury of any kind to passengers, including Plaintiff, aboard the Norwegian Bliss; a duty to exercise reasonable care for the safety of its

passengers, including Plaintiff; a duty to exercise reasonable care under the circumstances; and a duty to warn of dangers known to NCL Bahamas in places where passengers were invited to or may reasonably be expected to visit.

25. NCL Bahamas breached these duties and was negligent by, including but not limited to:

    a. Failing to reasonably operate, maintain, manage, inspect, monitor, and/or control the Norwegian Bliss, including the go-carts and go-cart track and those utilizing them;

    b. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    c. Allowing an ongoing, recurring, continuous, and/or repetitive hazardous condition to occur or to remain on the premises which would cause accidents and injuries, such as those that occurred in this case;

    d. Failing to properly train and instruct its employees and/or agents to detect, report, manage, and/or remedy hazardous conditions existing aboard the Norwegian Bliss, including those existing with, in, or on the go-carts and/or go-cart track;

    e. Failing to comply with industry standards and Defendant NCL Bahamas's own standards for the safe design, construction, operation, maintenance, and management of the go-cart track and go-carts being utilized on the track;

    f. Failing to otherwise maintain the area and the premises, including the go-cart track, in a safe and reasonable manner;

    g. Failing to properly inspect the Norwegian Bliss for dangerous or potentially dangerous conditions, including those dangerous conditions existing with, in, or on the go-carts and/or the go-cart track;

    h. Failing to warn Plaintiff of dangerous or potentially dangerous conditions aboard the Norwegian Bliss, including dangerous or potentially dangerous conditions with, in, or on the go-carts and/or the go-cart track; and/or

    i. Failing to properly design the go-cart track so as to avoid accidents and injuries.

26. NCL Bahamas created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which Plaintiff was severely injured.

27. NCL Bahamas created the dangerous condition, through its employees and/or agents; had actual knowledge of the dangerous condition; and/or had constructive knowledge of the dangerous condition.

28. The dangerous conditions were neither open nor obvious to Plaintiff.

29. As a direct and proximate result of NCL Bahamas's negligence, Plaintiff suffered serious and permanent injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earning capacity, expensive hospitalization, and medical treatment. The losses are permanent and continuing, and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant NCL Bahamas for all compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable, as well as any further relief this Court deems just and appropriate.

## COUNT II
## NEGLIGENCE AGAINST NCL HOLDINGS

30. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein, and further alleges as follows:

31. At all times material, Defendant NCL Holdings owed Plaintiff a duty to exercise reasonable care with respect to the operation, maintenance, management, design, construction, and control of the Norwegian Bliss, including but not limited to the go-carts and go-cart track aboard the ship; a duty to exercise reasonable care to prevent injury of any kind to passengers, including

6

Plaintiff, aboard the Norwegian Bliss; a duty to exercise reasonable care for the safety of its passengers, including Plaintiff; a duty to exercise reasonable care under the circumstances; and a duty to warn of dangers known to NCL Holdings in places where passengers were invited to or may reasonably be expected to visit.

32. NCL Holdings breached these duties and was negligent by, including but not limited to:

   a. Failing to reasonably operate, maintain, manage, inspect, monitor, and/or control the Norwegian Bliss, including the go-carts and go-cart track and those utilizing them;

   b. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

   c. Allowing an ongoing, recurring, continuous, and/or repetitive hazardous condition to occur or to remain on the premises which would cause accidents and injuries, such as those that occurred in this case;

   d. Failing to properly train and instruct its employees and/or agents to detect, report, manage, and/or remedy hazardous conditions existing aboard the Norwegian Bliss, including those existing with, in, or on the go-carts and/or go-cart track;

   e. Failing to comply with industry standards and Defendant NCL Bahamas's own standards for the safe design, construction, operation, maintenance, and management of the go-cart track and go-carts being utilized on the track;

   f. Failing to otherwise maintain the area and the premises, including the go-cart track, in a safe and reasonable manner;

   g. Failing to properly inspect the Norwegian Bliss for dangerous or potentially dangerous conditions, including those dangerous conditions existing with, in, or on the go-carts and/or the go-cart track;

   h. Failing to warn Plaintiff of dangerous or potentially dangerous conditions aboard the Norwegian Bliss, including dangerous or potentially dangerous conditions with, in, or on the go-carts and/or the go-cart track; and/or

   i. Failing to properly design the go-cart track so as to avoid accidents and injuries.

33. NCL Holdings created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which Plaintiff was severely injured.

34. NCL Holdings created the dangerous condition, through its employees and/or agents; had actual knowledge of the dangerous condition; and/or had constructive knowledge of the dangerous condition.

35. The dangerous conditions were neither open nor obvious to Plaintiff.

36. As a direct and proximate result of NCL Holdings's negligence, Plaintiff suffered serious and permanent injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earning capacity, expensive hospitalization, and medical treatment. The losses are permanent and continuing, and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant NCL Holdings for all compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable, as well as any further relief this Court deems just and appropriate.

## COUNT III
## NEGLIGENCE AGAINST NCL CORP.

37. Plaintiff readopts and realleges each and every allegation contained in paragraphs 1 through 22 as though fully set forth herein, and further alleges as follows:

38. At all times material, Defendant NCL Corp. owed Plaintiff a duty to exercise reasonable care with respect to the operation, maintenance, management, design, construction, and control of the Norwegian Bliss, including but not limited to the go-carts and go-cart track aboard

the ship; a duty to exercise reasonable care to prevent injury of any kind to passengers, including Plaintiff, aboard the Norwegian Bliss; a duty to exercise reasonable care for the safety of its passengers, including Plaintiff; a duty to exercise reasonable care under the circumstances; and a duty to warn of dangers known to NCL Corp. in places where passengers were invited to or may reasonably be expected to visit.

39. NCL Corp. breached these duties and was negligent by, including but not limited to:

    a. Failing to reasonably operate, maintain, manage, inspect, monitor, and/or control the Norwegian Bliss, including the go-carts and go-cart track and those utilizing them;

    b. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    c. Allowing an ongoing, recurring, continuous, and/or repetitive hazardous condition to occur or to remain on the premises which would cause accidents and injuries, such as those that occurred in this case;

    d. Failing to properly train and instruct its employees and/or agents to detect, report, manage, and/or remedy hazardous conditions existing aboard the Norwegian Bliss, including those existing with, in, or on the go-carts and/or go-cart track;

    e. Failing to comply with industry standards and Defendant NCL Bahamas's own standards for the safe design, construction, operation, maintenance, and management of the go-cart track and go-carts being utilized on the track;

    f. Failing to otherwise maintain the area and the premises, including the go-cart track, in a safe and reasonable manner;

    g. Failing to properly inspect the Norwegian Bliss for dangerous or potentially dangerous conditions, including those dangerous conditions existing with, in, or on the go-carts and/or the go-cart track;

    h. Failing to warn Plaintiff of dangerous or potentially dangerous conditions aboard the Norwegian Bliss, including dangerous or potentially dangerous conditions with, in, or on the go-carts and/or the go-cart track; and/or

      i.      Failing to properly design the go-cart track so as to avoid accidents and injuries.

40. NCL Corp. created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which Plaintiff was severely injured.

41. NCL Corp. created the dangerous condition, through its employees and/or agents; had actual knowledge of the dangerous condition; and/or had constructive knowledge of the dangerous condition.

42. The dangerous conditions were neither open nor obvious to Plaintiff.

43. As a direct and proximate result of NCL Corp.'s negligence, Plaintiff suffered serious and permanent injuries including, but not limited to, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earning capacity, expensive hospitalization, and medical treatment. The losses are permanent and continuing, and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant NCL Corp. for all compensatory damages, including pre-judgment interest, costs, and all damages allowable by law and further demands trial by jury of all issues so triable, as well as any further relief this Court deems just and appropriate.

Dated: May 24, 2019.                        Respectfully submitted,

                                                **PODHURST ORSECK, P.A.**
                                                SunTrust International Center
                                                One SE Third Avenue, Suite 2300
                                                Miami, FL 33131
                                                Telephone: (305) 358-2800
                                                Fax: (305) 358-2382

                          By:    _/s/ Ricardo M. Martínez-Cid_
                                          RICARDO M. MARTÍNEZ-CID

Florida Bar No. 383988
Email: RMCTeam@podhurst.com
LEA P. BUCCIERO
Florida Bar No. 84763
Email: RMCTeam@podhurst.com